Oliver GREEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13361.

Court of Criminal Appeals of Oklahoma.

Oct. 2, 1963

Vester Songer, Hugo, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

Oliver Green was charged in the county court of Choctaw County with the unlawful possession of six half pints of non-tax paid liquor, to-wit: whiskey, for the purpose of sale, and it was alleged that the accused did not hold a valid license from the State of Oklahoma to possess or sell the same. This was case No. 5075.

It appears from the record that another case, charging this defendant with the sale of intoxicating liquor, case No. 5076, was also pending in said court.

The casemade contains the following minute:

"Thereafter, on the 8th day of October, 1962 the court having convened at 10:00 o'clock a. m., the State calls case No. 5075, entitled State of Oklahoma v. Oliver Green, and case No. 5076, State of Oklahoma v. Oliver Green. The State announces ready in both of said cases."

The defendant entered his objection:

" * * * to the trial of both of these cases before the same jury panel; and further objects to any further pro-

ceeding with both of the cases at this time because of the fact that the proceeding as to both cases will materially prejudice the rights of the defendant, and the defendant moves that the county attorney at this time elect which of said cases he desires to try before this jury panel; and that the court continue the other case for this term."

This motion was overruled. Further objection was made by the defendant, and the court entered the order: "It is hereby ordered that case No. 5075, which is the case alleging unlawful possession of intoxicating liquor, is the case called up for trial at this time."

From the record it appears that a federal officer procured a search warrant for the "93 Club", and that two deputy sheriffs from Choctaw County, two investigators from the Alcoholic Tax Unit, and the federal officer went to the Hill Top Drive-In, after dark, on February 2, 1962 and searched the building. They found Oliver Green outside the building, and his wife in the kitchen. They did not find any intoxicants in the building, but two of the officers who went around to the back or kitchen door, testified that they noticed a strong odor of "wildcat whiskey", and one of them saw the wife of defendant pour something from a glass into the waste basket, and the odor was strong; that they recognized the odor as that of wildcat whiskey.

One of the Alcoholic Tax Unit officers, James Ray Garrett, observed a "well-worn" path leading from the back of the building, and following it found a paper sack containing six half pints of non-tax paid wildcat whiskey about 40 yards southeast of the building.

Oliver Green and his wife were both arrested and taken into Hugo. Oliver Green told the officers he did not want to leave his car at the Drive-In, and one of the officers, Floyd Antwine, drove defendant's car and defendant rode with him. Mr. Antwine testified that on the way in to town Oliver stated to him, "that it wasn't any use lying about it, because it was his whiskey all right." Mr. Antwine stopped Mr. Garrett, who was following in another car, and told him Oliver had something to tell him. Mr. Garrett testified that Oliver said he wanted to be honest about it, and the whiskey was his. He said that Oliver told him, after they got to town, that he had been selling whiskey there about two years, and had it there for retail.

In his motion for new trial and the petition in error defendant sets out nine grounds for reversal, and in his brief sets out the same assignments, then states: "In this brief, the defendant relies upon two specific propositions of error, the same being as follows:

"1. Error of the court in permitting evidence of a separate and distinct offense which evidence prejudiced the rights of the defendant and prevented him from having a fair and impartial trial.

"2. Error of the court in refusing to give defendant's instruction No. 1."

These two propositions will be considered together.

The first proposition is bottomed on the admission of testimony of Joe R. Walker, Investigator for the Alcohol Tax Unit at the time mentioned herein. He testified:

"Q Do you know whether or not Oliver Green was selling whiskey at the 93 Club during that time? [January and February, 1962]

"Mr. Songer: I object to that as being incompetent, irrelevant and immaterial.

"The Court: He just asked if he knew.

"Mr. Songer: I object since it is not an issue in this case whether or not he knew if Oliver Green were selling whiskey out there.

"The Court: Overruled, exceptions allowed.

"A I do know that on January 27 this year he was selling whiskey.

"How do you know he was selling whiskey on January 27, this year? A Because I purchased two half pints off of him myself.

"Mr. Songer: Now I object to this testimony. It is highly inflammatory, and brings out a separate and distinct offense. I move for a mistrial.

"By the Court: Overruled, and exceptions allowed."

Mr. Walker was very positive in his identification of the defendant as the man from whom he purchased the two half pints of whiskey on Saturday night, January 27. He did not go on the raid on February 2.

Delbert Green, age 67, a cousin of the defendant, testified that Bennie Green, Oliver's father, owned the land (about 15 acres) on which the Hill Top Drive-In was located. That witness leased the 93 Club in 1959 after Oliver "got closed"; that he talked with the county attorney before leasing the place, and that he changed the name of the 93 Club, renaming it the Hill Top Drive-In, and put up a new sign with his name on it immediately after leasing it in 1959. That his step-daughter, Lillie Green, wife of Oliver, cooked for him; that he was operating the Hill Top Drive-In the night the officers made the raid, but was at home sick.

Oliver Green testified that he was 47 years old, was then and had been since December 7, 1943 employed as a section laborer by the Frisco Railroad. That he operated Club 93 for a short while and was closed up in April, 1959, and had had nothing to do with the management of the place since that time. That Delbert Green started operating the Drive-In in November, 1959. That the wife of witness worked at the Hill Top Drive-In, and he took his wife to work the night of February 2, 1962 and was there when the officers made the raid. He admitted telling the officers that the whiskey found was his, but stated that the officers told him they were going to "throw my wife in jail" if he did not admit the whiskey belonged to him, and that was his only reason for making the admission. That it was

not his whiskey, he did not know it was "out there", and did not know where the officers found it. He testified that he was not at the Drive-In on January 27, the night the officer claimed he bought the whiskey from him, but that he was in Valient, Oklahoma, twenty-five miles away.

■ The general rule is that, when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime, wholly independent, even though it be a crime of the same sort, is irrelevant and inadmissible. Miller v. State, 13 Okl.Cr. 176, 163 P. 131, L.R.A. 1917D, 383, and a long line of cases so holding.

■ The exception to this general rule is as well established, that evidence of other offenses, recently committed, similar to that charged, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or when it shows or tends to show guilty knowledge or intent in the commission of the offense charged, is admissible; but such evidence must be so limited and restricted as to leave the jury only at liberty to use it to discover the motive actuating the defendant in the act for which he is on trial, and it is the duty of the trial court in his instructions to so limit the consideration of such evidence. Smith v. State, 3 Okl.Cr. 629, 108 P. 418; State v. Rule, 11 Okl.Cr. 237, 144 P. 807; Boyer v. State, 68 Okl.Cr. 220, 97 P.2d 779; Nemecek v. State, 72 Okl.Cr. 195, 114 P.2d 492, 135 A.L.R. 1149.

In Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451, this Court quoted with approval from State v. Rule, supra, as follows:

" 'Where evidence is offered tending to prove that the defendant has committed an offense other than that for which he is on trial, good practice requires that the prosecuting attorney should state the purpose for which the evidence is offered, and, if it is admissible for that purpose, the trial court

should instruct the jury as to the purpose for which they may consider it.' "

And the Court added:

"And we are of the opinion that such instruction should be given at the time the evidence is offered as well as that it should be covered in the general instructions at the conclusion of the trial."

In the instant case, we are of the opinion that the evidence of the sale of the liquor on January 27, 1962 was admissible in the trial of the case for illegal possession for the purpose of sale, on February 2, 1962, but we are further of the opinion that the trial court should have given instruction No. 1 offered by the defendant, or a similar instruction. This was not done. Juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged, merely because he might have committed some other offense. Defendant's requested instruction No. 1 read:

"The court has permitted evidence to come to you concerning the alleged sale by the defendant to a certain party of intoxicating liquor on a day other than the date charged of in the information, to-wit: On the 27th day of January, 1962.

"You are instructed that the defendant is not on trial for the sale of liquor on January 27, 1962, and the court has permitted the evidence of such sale to be introduced for the sole purpose of showing intent of the defendant so far as the alleged possession of intoxicating liquor, which the State claims defendant had in his possession on the 2nd day of February, 1962.

"You are therefore instructed that you can consider the evidence concerning the sale by the defendant on January 27th for the sole purpose of his intent on February 2, 1962, and for no other purpose."

For the reasons herein set forth, the case is reversed and remanded for a new trial.

BUSSEY, P. J., and NIX, J., concur.